**Margarito MONTES, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 08–89–00016–CV.

Court of Appeals of Texas, El Paso.

Oct. 11, 1989.

Rehearing Denied Nov. 8, 1989.

Ruff Ahders, Ruff Ahders, Associated, Odessa, Elaine Brady, Houston, for appellant.

W. Bruce Williams, Diann Hanson, Cotton, Bledsoe, Tighe & Dawson, Midland, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from a take nothing judgment in a worker's compensation case in which the jury failed to find that the claimant sustained an injury. We affirm.

According to the testimony of Margarito Montes, which was read to the jury from his deposition, he injured his back while working as a mechanic for Machen Contracting, Inc. His testimony was that on April 7, 1987, he was repairing the brakes on a "belly trailer" which unloads from the bottom. He said the tires were very large and after putting on the brake shoes, he was replacing the tires when his back popped. He worked another week and then reported the incident and told his foreman that he needed to see a doctor. He saw several doctors over the next several months and when his case was tried in December 1988, he had not returned to work. During the period he was off work, he was paid $224.00 per week for total compensation at the time of trial of $19,264.00.

At the time of his accident, Mr. Montes was working with his brother who testified to the work being performed on April 7, 1987. He said they were working on a large vehicle with large tires which he described as being about four feet tall. When presented with a time sheet for the work performed on April 7, it reflected work on vehicles which were not a "belly trailer". He then identified his brother's time sheet for April 7 and it showed work on a truck and a pickup. Mr. Montes was called as a witness and denied it was his signature on his time sheet for that date. The next witness, who was the custodian of the company records, identified these time sheets as being the original records which were kept in the regular course of business and which formed the basis for the company payroll. She filed the Employer's First Report of Injury based upon information Mr. Montes gave his foreman.

■ In his first two points of error, Appellant asserts (1) the trial court erred in submitting Question Number One because the evidence proved as a matter of law that he was "injured on or about April 6, 1988" and (2) that the answer is against the great weight of the evidence. The Appellant is attacking an adverse jury answer upon an issue where he had the burden of proof. Two recent opinions tell us he has two hurdles to overcome. First, the record must be examined for evidence that supports the jury's finding while ignoring all evidence to the contrary. If there is no evidence to support the fact finder's answer, then the entire record must be examined to see if the contrary proposition is established as a matter of law. *Sterner v. Marathon Oil Company,* 767 S.W.2d 686 (Tex.1989); *Holley v. Watts,* 629 S.W.2d 694 (Tex.1982). See also O'Connor, *Appealing Jury Findings,* 12 Hous.L.Rev. 65 at 80 and 81 (1974).

We respectfully question that analysis of the issue because in applying the first half of that rule, it must be recognized that no evidence is required to support a "no" answer, which only means that the party with the burden of proof failed to carry that burden. *Traylor v. Goulding,* 497 S.W.2d

944 (Tex.1973); *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191 (Tex.1966). If that be so, and it clearly is, then a reviewing court would never get to the second hurdle. In addition, we note that the "no" answer is not a finding of the opposite of the issue inquired about. *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191 (Tex.1966) (holding that a negative answer as to whether the plaintiff drove his pickup from the shoulder of the highway *was not* a finding that he did not drive his pickup from the shoulder of the highway onto the highway immediately prior to the collision); *Grenwelge v. Shamrock Reconstructors, Inc.,* 705 S.W.2d 693 (Tex.1986) (holding that a "no" answer as to whether a party breached his contract was not a finding of substantial performance of the contract). If there is no finding of the "opposite" how does a court determine if there is some evidence to support the finding? No finding has been made. We conclude there is only one hurdle. Does a review of the entire record establish the proposition as a matter of law? If that question is answered in the affirmative, it must necessarily mean that the jury answer was wrong and the jury could not legally have answered the question in the negative.

If there is any evidence to the contrary, the issue has not been established as a matter of law. The exhibits which reflect the work performed by the claimant and his brother both show that he was not working on a "belly trailer" on the date submitted to the jury as the date of the accident. The issue was not established as a matter of law.

■ In determining if the jury answer is against the great weight and preponderance of the evidence, we are required to weigh all the evidence and to remand the cause for a new trial if we conclude that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Traylor v. Goulding.* We conclude that the answer is not against the great weight of the evidence. First, we note that the alleged accident was not reported at the time it happened, and the employee continued to work for several

days without any suggestion of an accident or injury. Second, the testimony was that the accident happened while working with large tires on a "belly trailer". The time sheets reflected that on April 7, neither the claimant nor his brother were working on that type of vehicle. Finally, when confronted with his time sheet for April 7, Mr. Montes denied that it contained his signature, even though the exhibit was established as an original and his brother identified the signature as being that of the claimant. At that stage of the trial, there arose a serious question as to the credibility of the claimant, and the jury may have concluded not to accept any of his testimony. Points of Error Nos. One and Two are overruled.

■ The Appellant urges the trial court erred in overruling his motion for new trial based upon a claim of newly discovered evidence which he suggests would probably have changed the result upon a new trial. He now contends the correct date of the accident was April 6, not April 7, as he had alleged. Attached to his Motion for New Trial was his time sheet for April 6, 1987, which shows that on that date he worked on vehicle # 120, which his brother had testified was the unit with the "belly trailer."

■ The court set forth the test for determining if a Motion for New Trial should be granted based upon newly discovered evidence in *Jackson v. Van Winkle*, 660 S.W.2d 807 (Tex.1983). The court noted that whether such a motion should be granted or refused is generally a matter addressed to the sound discretion of the trial court and the trial court's action will not be disturbed on appeal absent an abuse of discretion. In that opinion, Justice Wallace noted that the newly discovered evidence must have come to the party's knowledge since the trial and that it was not owing to the want of diligence that it did not come sooner. In his testimony at trial, Mr. Montes said that he had copies of his time sheets for the month of April and that truck # 120 was on it. In addition, his counsel read into the record from one of the medical records offered into evidence

by his counsel, a report from Dr. Garza which stated, "This is a thirty-seven year old gentleman who is in here at this time with low back pain suffered in an accident 4–6–87." Thus, we cannot hold that the newly discovered evidence came to the party's knowledge after the trial and that with due diligence the Appellant would not have known sooner. Point of Error No. Three is overruled.

■ In the last point, the Appellant contends the trial court erred in overruling his Motion for New Trial because of error in submitting Question No. Two with the corollary definition inquiring whether he was injured in the course and scope of his employment. The first three issues inquired if the claimant received an injury, and if so, was he injured in the course of his employment, and if so, was the injury a producing cause of any total incapacity. The remaining issues inquired about the duration and extent of any incapacity. Only the first question was answered with a "no." The argument is made that course of employment was established as a matter of law, and that the submission of the second question was a comment on the weight of the evidence. There was no objection in the trial court that the question was a comment on the weight of the evidence and that contention was waived. *Capital Title Co., Inc. v. Donaldson*, 739 S.W.2d 384 (Tex.App.—Houston [1st Dist.] 1987, no writ). Without an affirmative finding of an injury, all other issues become immaterial. *Medina v. El Paso Machine & Steel Works, Inc.*, 740 S.W.2d 99 (Tex.App.—El Paso 1987, no writ); *Brown v. Gonzales*, 653 S.W.2d 854 (Tex.App.—San Antonio 1983, no writ); *Potts v. Joske's of Houston*, 406 S.W.2d 535 (Tex.Civ.App.—Houston 1966, no writ). Point of Error No. Four is overruled.

The judgment of the trial court is affirmed.