James C. KRATZ, Appellant,

v.

EXXON CORPORATION and Exxon
Corporation's "Atlas Products",
et al., Appellees.

No. 08–93–00293–CV.

Court of Appeals of Texas,
El Paso.

Dec. 22, 1994.

Sherry B. Angelo, Sherry B. Angelo, P.C., Houston, for appellant.

Nicholas Vincent, Houston, for appellees.

Before BARAJAS, C.J., and KOEHLER and LARSEN, JJ.

## OPINION

KOEHLER, Justice.

This is a premises liability case in which it was alleged that an automobile service station negligently allowed a concrete cleaner to flow off the premises and onto a freeway access road, resulting in injuries to the operator of a motorcycle who skidded out-of-control on the cleaner into a one vehicle accident. The jury found that the negligence of neither party was the proximate cause of the accident and also found the operator was entitled to no damages. The operator of the motorcycle appeals from a take-nothing judgment based on the verdict, contending in three points that the trial court erred in not granting his motion for judgment n.o.v. because there was either no evidence or insufficient evidence to support the jury's findings of no negligence and no damages (Points of Error Nos. One and Two) and that the trial court erred in refusing to admit into evidence certain statements taken by the police from witnesses at the scene of the accident (Point of Error No. Three). We affirm.

## RELEVANT FACTS

On December 19, 1985, employees of a service station owned by Exxon Corporation (Exxon), Appellee, located in Houston, Texas, cleaned the premises surrounding the station with a concrete cleaner. Some of the cleaner flowed off the premises onto the freeway access road adjacent to the station. James C. Kratz (Kratz), while driving over the cleaner, lost control of his motorcycle and crashed, suffering as a result, cuts, bruises, and pain to and in his left hip, arm, and back. Immediately after the accident, Kratz was transported to Hermann Hospital by helicopter, where he was treated for his injuries and released later that same day in good condition.

## ADVERSE JURY FINDINGS

In his first two points of error, Kratz asserts that the adverse jury findings on the issues of liability and damages were supported by no evidence and alternatively, were against the great weight and preponderance of the evidence. Kratz filed a motion for new trial in which he asserted that the jury findings of no negligence were not supported by the evidence but he failed to attack the jury's finding of zero damages. However, in his motion for judgment notwithstanding the verdict (JNOV), he did allude to the finding of zero damages, but since he used none of the standard language of factual or legal insufficiency, it is impossible to tell whether he intended this to be an evidentiary challenge to the zero damages finding.[1] Despite this deficiency, we will consider it to be a

---

1. The only possible reference to the zero dam- ages finding in the motion for JNOV is as fol-

complaint that the zero damages finding is against the overwhelming weight of the evidence, that is, a factual sufficiency challenge.

Rule 324(b) of the Texas Rules of Civil Procedure states that:

A point in a motion for new trial is a prerequisite to the following complaints on appeal:

. . . . .

(2) A complaint of factual insufficiency of the evidence to support a jury finding;

. . . . .

(4) A complaint of inadequacy or excessiveness of the damages found by the jury[.]

TEX.R.CIV.P. 324(b).

■ Thus, a motion for new trial is a prerequisite to a factual insufficiency point on appeal and a motion for JNOV will not preserve such a complaint. *Cecil v. Smith,* 804 S.W.2d 509, 510 (Tex.1991). A motion for JNOV will, however, preserve a legal insufficiency point. TEX.R.CIV.P. 301. *Cecil,* 804 S.W.2d at 511; *Aero Energy, Inc. v. Circle C Drilling Co.,* 699 S.W.2d 821, 822 (Tex.1985). As a result, under TEX.R.APP.P. 52(a) and TEX.R.CIV.P. 324(b), if Kratz' complaint is that the jury's finding of no damages was against the overwhelming weight of the evidence (factually insufficient), it is waived. The factual sufficiency point as to liability, having been asserted in his motion for new trial, is preserved, however.

*LEGAL SUFFICIENCY OF THE EVIDENCE*

■ When attacking the legal sufficiency of evidence to support an adverse jury finding on an issue for which the appellant

had the burden of proof, he must demonstrate on appeal that all vital facts in support of the issue were conclusively established by the evidence, that is, that he established Exxon's negligence as a matter of law. *Sterner v. Marathon Oil Company,* 767 S.W.2d 686, 690 (Tex.1989); *Holley v. Watts,* 629 S.W.2d 694, 696 (Tex.1982); *Chandler v. Chandler,* 842 S.W.2d 829, 832 (Tex.App.—El Paso 1992, writ denied); *Montes v. Texas Employers' Insurance Association,* 779 S.W.2d 485, 487 (Tex.App.—El Paso 1989, writ denied); *Smith v. Central Freight Lines, Inc.,* 774 S.W.2d 411, 412 (Tex.App.—Houston [14th Dist.] 1989, writ denied); *Ritchey v. Crawford,* 734 S.W.2d 85, 86 (Tex.App.—Houston [1st Dist.] 1987, no writ). A party challenging an adverse fact finding on an issue on which he had the burden must overcome two hurdles. First, the record must be examined for evidence that supports the finding, while ignoring all the evidence to the contrary. *Sterner,* 767 S.W.2d at 690; *Montes,* 779 S.W.2d at 487. Second, if there is no evidence to support the finding, the whole record must then be examined to determine if the contrary position is established as a matter of law. *Sterner,* 767 S.W.2d at 690; *Montes,* 779 S.W.2d at 487; *Raw Hide Oil & Gas, Inc. v. Maxus Exploration Company,* 766 S.W.2d 264, 276 (Tex.App.—Amarillo 1988, writ denied). Only if the contrary position is conclusively established will the point of error be sustained. *Chandler,* 842 S.W.2d at 832; *Meyerland Community Improvement Association v. Temple,* 700 S.W.2d 263, 267 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

*LIABILITY*

■ The record reflects that the cleaning method exercised by Exxon was the standard procedure utilized in the industry. Lisa Gray, an Exxon corporate representative,

lows:
> Further, there was evidence from one of his treating physicians, Dr. Duncan Bowell who testified that he believed that the injuries were proximately caused as a result of the motorcycle accident which occurred December 19, 1985. Because of this, a Judgment in the

amount of at least $25,000 should be entered on behalf of Plaintiff in this case. Moreover, even the defense counsel argued at the time of closing arguments, that Mr. Kratz' injuries and damages suffered were in the amount of $10,-000.

testified as to the cleaner and the cleaning procedure utilized. Ms. Gray testified that the cleaner was no slicker than water. Her opinion, based on her training and experience, was that the cleaner was not dangerous. Furthermore, to her knowledge, no one in Exxon viewed the cleaner as dangerous or hazardous. Ms. Gray further testified that in her use of the cleaner, she had never seen cars slipping on it or people having trouble walking on it. Likewise, she had no knowledge of complaints from either the City of Houston or customers regarding usage of the cleaner or of any accidents caused by the cleaner.

The jury also heard evidence that Kratz, a motorcycle police officer, had been involved in four accidents in the prior six year period and that he had injured his back in each accident. At the time of the accident, Kratz was traveling between 35 to 40 miles per hour on a road with a posted speed limit of 30 miles per hour. The evidence further showed that there was no liquid in the left lane and that there was nothing to prevent him from being in the left lane as opposed to the right lane.

Lastly, the record reflects at least three instances where Kratz' testimony at trial was different from statements he had previously given. In his deposition, he stated that between the Exxon accident and the back surgery, which he underwent in 1988, he had not been involved in any other accidents and had not incurred any other injuries. However, the record reflects that Kratz was involved in a 1986 motorcycle accident which resulted in back injury. He further stated that he had never had a lower disc problem. However, the records of his own doctor showed that he had previously been treated for a disc problem as a result of the 1984 accident. Lastly, Kratz testified in one deposition that he and his wife had never separated. In a subsequent deposition, he testified that he and his wife had separated twice as a result of injuries stemming from the Exxon accident. In light of these discrepancies, which were all placed in evidence at trial, the jury could have found that a serious question as to the

credibility of the claimant existed, and may have discounted all of his testimony. *Montes,* 779 S.W.2d at 488.

We conclude from the summarized evidence that Kratz has failed to establish Exxon's negligence as a matter of law.

## DAMAGES

■ The record reflects that the Exxon accident was a rather minor traffic accident. Kratz, after treatment for minor injuries, was discharged from the hospital on the same day in good condition. Records from his orthopedic surgeon show that he suffered only contusions and required only physical therapy. Records from Kratz' treating physician stated that he had no real disabilities as a result of the accident and that he had no activity restrictions. Furthermore, the damage to his motorcycle was determined to be insignificant by the investigating officer. Kratz himself placed into question the nature and extent of his own medical expenses by opening the door to information regarding insurance coverage and its payment of his medical bills. From this evidence, the jury could have concluded that Kratz suffered no actual monetary damages as a result of this accident.

■ As for the back injuries Kratz claimed he suffered as a result of the accident, the record reflects that he had another motorcycle accident in 1986 (after the Exxon accident) where his back was injured or reinjured. The evidence also showed that the herniated disc which required surgery was the same disc injured in a 1984 accident. The record also reflects that Kratz advised both his treating physician, Dr. Bowell, and his back surgeon, Dr. Heiman, of both the 1984 and the 1986 accidents but did not advise either one of the Exxon accident. Furthermore, neither Dr. Heiman nor Dr. Bowell were able to state within reasonable medical probability which of the various accidents necessitated Kratz' back surgery. From this evidence, the jury could have concluded that his back injury and subsequent need for surgery resulted from an accident

other than the Exxon one. Based upon this evidence, and reasonable inferences drawn therefrom viewed in a light most favorable to the verdict, we conclude that there is legally sufficient evidence to support the jury's adverse findings on the issues of liability and damages. However, even if there is no evidence to support the adverse findings as such, we hold that Kratz has failed to establish negligence, proximate cause, and damages as a matter of law. Kratz' points of error based upon his legal insufficiency challenge are overruled.

## FACTUAL SUFFICIENCY OF THE EVIDENCE

■■■■ In determining whether a jury finding is against the great weight and preponderance of the evidence, we are required to weigh all the evidence and to remand the cause for a new trial if we conclude that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex.1986); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). Since an appellate court is not a fact finder, it may not pass upon the credibility of the witnesses or substitute its judgment for that of the trier of fact, even if the evidence would support a different result. *Clancy v. Zale Corp.*, 705 S.W.2d 820, 826 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *Traylor v. Goulding*, 497 S.W.2d 944, 945 (Tex.1973); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Chandler*, 842 S.W.2d at 833. If there is sufficient competent evidence of probative force to support the finding, it must be sustained. *Chandler*, 842 S.W.2d at 833; *Carrasco v. Goatcher*, 623 S.W.2d 769 (Tex.App.—El Paso 1981, no writ). It is not within the province of the court to interfere with the jury's resolution of conflicts in the evidence or to pass on the weight or credibility of the witness's testimony. *Chandler*, 842 S.W.2d at 833; *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792, 796 (1951). Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *Montgomery Ward & Co. v.*

*Scharrenbeck*, 146 Tex. 153, 204 S.W.2d 508, 511–12 (1947); *Clark v. National Life & Accident Ins. Co.*, 145 Tex. 575, 200 S.W.2d 820, 823 (1947).

The record clearly reflects that Exxon allowed the cleaning substance to spill over into the roadway. An investigating officer present at the scene, testified that the cleaning substance was extremely slick and hazardous. The officer personally observed a driver whose tires spun as he attempted to drive on the substance. The officer further testified that when interviewed, the station manager admitted that he was aware that the substance in the street created a hazardous condition. However, the testimony of Ms. Gray, the Exxon representative, summarized earlier, was to the contrary of the officer's. In light of the conflicting evidence, we do not find the jury's resolution of this dispute to be against the great weight and preponderance of the evidence. If the jury chose to believe the testimony of Ms. Gray and not that of the officer, it could have concluded and found that the procedures utilized by Exxon in cleaning its driveway were not negligent. Therefore, we are not at liberty to disturb the jury's adverse finding on the liability question. Kratz' Points of Error Nos. One and Two claiming factual insufficiency of the evidence to support the adverse findings on liability are overruled.

## ADMISSIBILITY OF EYEWITNESS STATEMENTS

■■■■ In his third point of error, Kratz complains that the trial court erred in excluding from evidence his exhibits 19 and 20. These exhibits were written statements of two eyewitnesses to the accident which were part of the official police accident report. He contends that these witnesses' statements were admissible as evidence under the public records exception to the hearsay rule. *See* Tex.R.Civ.Evid. 803(8). In order to complain on appeal that the court erroneously excluded evidence, an appellant must show that he tendered the evidence before the trier of fact and obtained an adverse ruling thereon. *Lakeway Land Co. v. Kizer*, 796 S.W.2d 820,

827 (Tex.App.—Austin 1990, writ denied); *Reveal v. West,* 764 S.W.2d 8, 10 (Tex.App.—Houston [1st Dist.] 1988, no writ). In the instant case, the record shows that Kratz made an offer of the police report in its entirety, which included two eyewitness statements, in a pretrial hearing. The trial court admitted the police report but sustained Exxon's hearsay objection and excluded the two witnesses' statements at that time. However, Kratz failed to reoffer the excluded statements before the jury during the trial itself and obtain a ruling thereon. Thus, the claimed error was not preserved for appellate review.

 However, even if Kratz had preserved error, his third point of error would still be overruled. He contends that the eyewitnesses' statements were admissible under the public records exception to the hearsay rule.[2] *See* Tex.R.Civ.Evid. 803(8). Under Rule 803(8), certain written statements, which would normally be excluded as hearsay, may be admitted into evidence if they qualify as public records and reports, even though the declarant is available to testify:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, or (C) factual findings resulting from an investigation made pursuant to authority granted by law; unless the sources of information or other circumstances indicate lack of trustworthiness.

---

2. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tex.R.Civ.Evid. 801(d). Exhibits 19 and 20 therefore constitute the clearest form of hearsay. They were statements made by persons not testifying at trial offered to prove the truth of the matters contained therein, i.e. the negligence of Exxon. Therefore, unless the statements come within an exception to the hearsay rule they were properly excluded.

3. Rule 803(8) would be applicable only if the statement were prepared by public officials or

Tex.R.Civ.Evid. 803(8). The witnesses' statements offered by Kratz do not fall into any of the above three categories so as to be admissible under this exception. The statements do not qualify under (A) as they do not set forth the activities of the office or agency.[3] *See Fibreboard Corp. v. Pool,* 813 S.W.2d 658 (Tex.App.—Texarkana 1991, writ denied), *cert. denied,* —— U.S. ——, 113 S.Ct. 2339, 124 L.Ed.2d 250 (1992); *Railroad Commission of Texas v. Rio Grande Valley Gas Co.,* 683 S.W.2d 783, 788 (Tex.App.—Austin 1984, no writ). The statements also do not qualify under (B) as they do not involve matters observed pursuant to a duty imposed by law as to which there was a duty to report.[4] *Bounds v. Scurlock Oil Co.,* 730 S.W.2d 68, 71 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.). Finally, the statements do not qualify under (C) as they do not constitute factual findings resulting from an investigation made pursuant to authority granted by law.[5]

In support of his argument, Kratz cites *Carter v. Steere Tank Lines, Inc.,* 835 S.W.2d 176 (Tex.App.—Amarillo 1992, writ denied); *Fibreboard Corp. v. Pool,* 813 S.W.2d 658 (Tex.App.—Texarkana 1991, writ denied), *cert. denied,* —— U.S. ——, 113 S.Ct. 2339, 124 L.Ed.2d 250 (1993); and *Castro v. Sebesta,* 808 S.W.2d 189 (Tex.App.—Houston [1st Dist.] 1991, no writ). These cases, however, are inapposite.

*Carter* held that the accident report itself is admissible, not the statements contained within that report. *Carter,* 835 S.W.2d at

---

employees under their supervision in the performance of their official duties.

4. To qualify under (B), the matters would have to have been observed by the police officer not the witnesses. *See Brown & Root, Inc. v. Haddad,* 142 Tex. 624, 180 S.W.2d 339, 341 (1944); *Flores v. Missouri–Kansas–Texas Railroad Co.,* 365 S.W.2d 379, 382 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r.e.).

5. The *officer's* written findings in the report qualify under (C) not the statements of the witnesses.

181.[6] In *Fibreboard,* the trial court admitted into evidence over a hearsay objection, a poster offered by plaintiff that was on file with OSHA. The appellate court found that the document at issue was inadmissible as it was not prepared by a governmental official pursuant to a duty, but determined the error to be harmless in light of the other evidence. *Fibreboard,* 813 S.W.2d at 675–76. In *Castro* on the other hand, the Court held that the defendant's driving record, which was authenticated and certified by the custodian of records in accordance with Tex.R.Civ.Evid. 902(4), was erroneously excluded and should have been admitted under Rule 803(8) because it contained matters relevant and admissible to show the context of his actions on the night of the accident which gave rise to the lawsuit. Unlike the instant case, the defendant's driving record contained no eyewitness or third party statements. *Castro,* 808 S.W.2d at 195. In our case, the trial court did admit the accident report minus the two witnesses' statements during a pretrial hearing and testimony concerning the report was permitted without objection during the trial itself. This is all that any of these cases or Rule 803(8) requires. Kratz' third point of error is overruled.

Judgment of the trial court is affirmed.

---

**6.** *See also First Southwest Lloyds Ins. Co. v. Mac-Dowell,* 769 S.W.2d 954, 959 (Tex.App.—Texarkana 1989, writ denied), which held a fire marshall's report admissible but the witness's statements regarding the cause of fire inadmissible.