COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JULIAN SERRANO and
ROSA SERRANO,

                           Appellants,

v.

UNION PLANTERS BANK, N.A. and
BEVERLY MITRISIN, TRUSTEE,

                            Appellees.

§

§

§

§

§

§


No. 08-03-00101-CV

Appeal from the

34th Judicial District Court

of El Paso County, Texas

(TC#98-2327)



O P I N I O N

            This is an appeal from the trial court’s granting of a directed verdict rendered against
Appellants after a trial to the court. For the reasons stated herein, we affirm.
I. FACTUAL AND PROCEDURAL BACKGROUND
            The brief filed by Appellants contains a convoluted and obscure recitation of the alleged facts
and procedural history of this case, therefore, it is difficult to determine the precise sequence of
events leading to this dispute. Some facts, however are established by the appellate record. The
current dispute arises out of a foreclosure action filed by Appellees regarding certain real property
owned by Appellant Julian Serrano and in which Appellant Rosa Serrano claims an interest. 
Appellants filed a lawsuit seeking a declaratory judgment and temporary injunction related to a
pending foreclosure of the property. During the pendancy of this lawsuit, the Appellants filed
numerous bankruptcies which were dismissed. The most recent bankruptcy case was filed by
Appellant Julian Serrano in late 2000 under Chapter 13 of the Federal Bankruptcy Code. A trial was
held before the Honorable Larry E. Kelly and the bankruptcy court prepared Findings of Facts and
Conclusions of law related to the value of the unpaid principal and interest and arrearages on the
property, including fees. Julian Serrano’s bankruptcy case was ultimately dismissed for failure to
make plan payments on November 26, 2001.
            The property in question was sold pursuant to the Deed of Trust on February 5, 2002.
Appellee Union Planter’s Bank, N.A. obtained a judgment for possession of the property which was
appealed to County Court at Law Number 7 by Appellants. In that case, Appellants raised all issues
related to the property including wrongful acceleration, wrongful foreclosure, and the validity of the
title to the property. A final judgment in that case was rendered granting possession to Appellees
on July 17, 2002 Appellants appealed that case to this court in case number 08-02-00346-CV. This
court dismissed that appeal as moot by judgment dated September 12, 2002.
            Appellants then resumed prosecution of the underlying case filing their First Amended
Petition on December 16, 2002 adding a claim for intentional infliction of emotional distress. 
            A non-jury trial of this case was conducted by the Court on January 30, 2003. After the
Appellants presented their case-in-chief and rested, Appellees moved for a directed verdict which
was granted. The trial court determined that Appellants did not present evidence establishing the
elements of intentional infliction of emotional distress. A judgment was signed on January 31, 2003. 
Appellants appealed the judgment on February 28, 2003. Appellants did not request findings of fact
or conclusions of law and none were filed. 
            Appellants, pro se, filed a poorly drafted and convoluted brief proporting to assert various
points of error. The list of issues, numbering eighteen, and included at the beginning of the brief,
are virtually incomprehensible and nonsensical and do not frame any issues for review by this court.
In the body of the brief, at the beginning of Appellant’s argument, Appellant includes a complaint
that we will read as their sole issue on appeal. We read this point as complaining that there is no or
insufficient evidence to support the trial court’s non-finding of damages to Appellants based upon
Appellee’s intentional infliction of emotional distress.
II. Issue on Appeal
            In their sole issue, Appellants challenge the court’s granting of the Appellees’ motion for
directed verdict. In a compound argument, issue number one attempts to complain of the granting
of Appellees’ motion for directed verdict for the reason that Appellants have suffered emotional
distress, embarrassment, harassment, and humiliation as a matter of law. The subissues included in
the brief do not adequately articulate an issue for review by this court nor do they cite to the record
to provide a factual basis in support of Appellants’ argument. The issue does not articulate a
complaint about the trial court’s ruling other than stating that the trial court erred in entering
judgment in favor of Appellees and that Appellants have suffered irreparable damage and intentional
infliction of emotional distress.
            In sum, the myriad issues listed as a series of questions and comments in the Appellants’
brief appear to complain of the trial court’s granting of Appellee’s motion for directed verdict for
the reason that Appellants believe that they should be able to pursue a claim against the Appellees
for the tort of intentional infliction of emotional distress.
            In the interest of attempting to address Appellants’ challenge on appeal, we read this issue
as a complaint that there is more than a scintilla of evidence to support a cause of action against the
Appellees for the alleged injuries suffered by Appellants and caused by the foreclosure on the
property by Appellees and that the trial court erred in granting the Appellees’ motion for directed
verdict as a matter of law.
III. Standard of Review
            A “no evidence” or legal insufficiency point is a question of law which challenges the legal
sufficiency of the evidence to support a particular fact finding. There are two separate “no evidence”
claims. When the party having the burden of proof suffers an unfavorable finding,


 the point of error
challenging the legal sufficiency of the evidence should be that the fact or issue was established as
“a matter of law.” When the party without the burden of proof suffers an unfavorable finding, the
challenge on appeal is one of “no evidence to support the finding.” In re Estate of Livingston v.
Nacim, 999 S.W.2d 874, 876 (Tex.App.--El Paso 1999, no pet.); see Creative Manufacturing, Inc.
v. Unik, Inc., 726 S.W.2d 207, 210 (Tex.App.--Fort Worth 1987, writ ref’d n.r.e.).
            When attacking the legal sufficiency of the evidence to support an adverse finding on an issue
for which he had the burden of proof, i.e., challenging the trial court’s finding as a matter of law, the
appellant must demonstrate on appeal that the evidence conclusively established all the vital facts
in support of the issue. In re Estate of Livingston, 999 S.W.2d at 879; Sterner v. Marathon Oil
Company, 767 S.W.2d 686, 690 (Tex. 1989); Kratz v. Exxon Corp., 890 S.W.2d 899, 902
(Tex.App.--El Paso 1994, no writ); Chandler v. Chandler, 842 S.W.2d 829, 832 (Tex.App.--El Paso
1992, writ denied). A party attempting to overcome an adverse fact finding as a matter of law must
surmount two hurdles. In re Estate of Livingston, 999 S.W.2d at 879; Sterner, 767 S.W.2d at 690. 
 First, the record must be examined for evidence that supports the finding, while ignoring all
evidence to the contrary. In re Estate of Livingston, 999 S.W.2d at 879; Sterner, 767 S.W.2d at 690; 
Kratz, 890 S.W.2d at 902. Second, if there is no evidence to support the finding, then, the entire
record must be examined to see if the contrary proposition is established as a matter of law. In re
Estate of Livingston, 999 S.W.2d at 879; Sterner, 767 S.W.2d at 690; Kratz, 890 S.W.2d at 902. 
Only if the contrary position is conclusively established will the point of error be sustained. In re
Estate of Livingston, 999 S.W.2d at 879; Kratz, 890 S.W.2d at 902; Chandler, 842 S.W.2d at 832.
            In reviewing a factual sufficiency point of error, the appeals court must weigh all of the
evidence in the record. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996). Findings of fact may be
overturned only if they are so against the great weight and preponderance of the evidence as to be
clearly wrong and unjust. Id. In that event, the appeals court must state clearly why the finding is
factually insufficient or so against the great weight and preponderance as to be manifestly unjust. 
Id.
            An “insufficiency” point invokes a broader standard, requiring this court to consider all of
the evidence and ascertain whether the evidence supporting the finding is so weak, or the evidence
to the contrary so overwhelming, that the finding should be set aside and a new trial ordered. Garza
v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).
            Legal and factual sufficiency of the evidence standards of review govern appeals of nonjury
trials on the merits. IKB Industries (Nigeria) Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 445 (Tex.
1997); Chrysler Corp. v. Blackmon 841 S.W.2d 844, 851 (Tex. 1992); Hall, Standards of Appellate
Review in Civil Appeals, 21 ST. MARY’S L.J. 865, 919-20 (1990). When a party appeals from a
nonjury trial, it must complain of specific findings and conclusions of the trial court, because a
general complaint against the trial court’s judgment does not present a justiciable question. 
Fiduciary Mortgage Co. v. City Nat’l Bank of Irving, 762 S.W.2d 196, 204 (Tex.App.--Dallas 1988,
writ denied). Accordingly, findings of fact and conclusions of law are mandatory for a party to file
to avoid the onerous presumptions that apply in an appeal from a nonjury trial. When an appellant
does not request or file findings and conclusions by the trial court, the appellate court presumes the
trial court found all fact questions in support of its judgment, and the reviewing court must affirm
that judgment on any legal theory finding support in the pleadings and evidence. Point Lookout
West, Inc. v. Whorton, 742 S.W.2d 277, 278 (Tex. 1987).
            If the appellant does not challenge the trial court’s findings of fact, when filed, these facts
are binding upon both the party and the appellate court. Wade v. Anderson, 602 S.W.2d 347, 349
(Tex.Civ.App.--Beaumont 1980, writ ref’d n.r.e.). Accordingly, it is incumbent for the appellant to
attack the findings by appropriate legal and factual sufficiency points of error. Lovejoy v. Lillie, 569
S.W.2d 501, 504 (Tex.Civ.App.--Tyler 1978, writ ref’d n.r.e.). In an appeal of a nonjury trial,
findings are specifically and meaningfully tied to appropriate standards of appellate review and are
therefore truly beneficial to appellate review. See Blackmon, 841 S.W.2d at 853.
            It would have been helpful for the court to have articulated its findings of facts and
conclusions of law but because no findings of fact or conclusions of law were requested or filed in
this case, we will presume that the trial court found all necessary facts to support the judgment.
            A review of the record presented on appeal supports Appellee’s contention that the record
is completely devoid of any credible evidence to support a finding that Appellants have met their
burden of proving Appellee’s have committed the tort of intentional infliction of emotional distress. 
In fact the record does not contain more than a scintilla of evidence to support Appellants’ position. 
The lack of evidence, therefore, supports the trial court’s non-finding and ruling in favor or
Appellees.
            Further, because the issue is not properly briefed or argued, the point is not preserved for
appeal. When a party fails to include any meaningful citation of authority or discussion of relevant
facts to support its contention, “we will not perform an independent review of the record and
applicable law to determine whether the error complained of occurred.” Happy Harbor Methodist
Home, Inc. v. Cowins, 903 S.W.2d 884, 886 (Tex.App.--Houston [1st Dist.] 1995, no writ). Thus,
we consider appellant’s challenge regarding the court’s granting of the motion for directed verdict
to be waived. See, e.g., Rendleman v. Clarke, 909 S.W.2d 56, 59 (Tex.App.--Houston [14th Dist.]
1995, writ dism’d as moot).
            For the reasons stated, we affirm the judgment of the trial court and overrule Appellants’ sole
issue on review.
 
December 2, 2004
                                                                                                                                                             
                                                                                    RICHARD BARAJAS, Chief Justice

Before Panel No. 4
Barajas, C.J., Larsen and McClure, Chew, JJ.