**Doug MILLER and Miller Cattle Company, Appellants,**

v.

**Jimmy D. McNIEL, Vera Sellers, and Niverado Javalera, Appellees.**

No. 08–03–00188–CV.

Court of Appeals of Texas, El Paso.

March 31, 2005.

Ted Hollen, Lago Vista, for appellants.

Hal Upchurch, Monahans, for appellees.

Before Panel No. 3 BARAJAS, C.J., LARSEN, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from the decision of the trial court entering a final judgment finding that one Appellee[1], is entitled to judgment. For the reasons stated, we affirm the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

This dispute involves responsibility for errors made during a business transaction for the purchase of cattle. Appellant Miller is a rancher who purchases and sells cattle on a frequent basis. During calendar year 2001, he purchased several thousand head of cattle from Appellee Jimmy D. McNiel who functioned as a middle man for a Mexican national, Niverado Javalera, who delivered the cattle to the United

---

1. Appellant has pursued this appeal in the name of himself and Miller Cattle Company. The original action was tried on pleadings filed under Doug Miller individually, though Mr. Miller contended he was pursuing the claim on behalf of the Miller Cattle Company during direct examination. The Order entered by the trial court enters judgment against plaintiff Doug Miller only. Subsequent to the trial, trial counsel filed pleadings in the name of both Doug Miller and Miller Cattle Company. The style of the case is no less confusing when addressing the putative Appellees. Though the style of the case reflects three parties as Appellees, the Appellant as Plaintiff below non-suited Appellee Vera Sellers in a post-trial letter brief. The court recognized the motion in its Order signed on January 23, 2003 which sets out the court's judgment. That Order also entered a judgment against Niverado Javalera for damages in the case. On May 1, 2003, the court filed Findings of Fact and Conclusions of Law which noted the non-suit of Vera Sellers but found that no proof of service of citation on Niverado Javalera was proven by plaintiff and, therefore, concluded that the judgment as to Niverado Javalera should be set aside and a dismissal entered as to him in this cause of action. No order actually vacating the judgment against Javalera was filed.

States border. In January 2002, Appellee informed Appellant that due to Appellee's inability to advance funds to the Mexican seller, he would no longer be able to sell cattle to Appellant. Appellant proposed a new financial arrangement agreeing to purchase the cattle directly from Mr. Javalera and agreeing to make certain payments in advance as front money for the cattle sales. Appellant and Appellee had a side agreement whereby Appellant agreed to sell some of the Mexican cattle to Appellee for a predetermined price. None of the agreements were in writing.

Vera Sellers, Appellee's employee, had prepared invoices for payment for the cattle sold by Appellee to Appellant under the 2001 arrangement. Appellant and Appellee agreed to allow Vera Sellers, Appellee's employee, to prepare the daily invoices for the various transactions which were then faxed to Appellant for payment in the same manner as Vera Sellers had been handling the invoices in the past. Sometime during February or March of 2002, the parties agreed that they would split the cost of Vera Sellers's salary. On March 18, 2002, Vera Sellers prepared an invoice reflecting the purchase of 96 head of cattle by Appellant. The invoice was faxed to Appellant in the routine manner. On March 19, 2002, Vera Sellers prepared another invoice for 312 head of cattle which inadvertently included a duplicate billing for the 96 head of cattle billed in the March 18, 2002 invoice. The error in the invoice, resulted in an overpayment to Niverado Javalera in the amount of $32,935.34.

The procedure established by the parties provided that backup information, which consisted of brokerage sheets and sorting sheets, for the invoices would be faxed by Appellee to Vera Sellers at the end of each day. Vera Sellers would prepare an invoice and fax it to Mrs. Miller and also fax a copy back to Appellee's fax machine. Appellant would pick up the invoice at Appellee's office and meet with Javalera. Some payment of funds was made on a daily basis though the record does not clearly describe the procedure followed nor does it describe the details for determining the amount to be paid. Appellant apparently had a very complicated arrangement with Mr. Javalera which required that Appellant pay for some additional costs as well as advance funds for the cattle actually delivered. Neither Appellee nor Ms. Sellers received the proceeds from the sale of the 96 head of cattle, those funds were paid directly to Niverado Javalera. The parties speculate that back-up information for the 96 head of cattle in dispute was faxed on two consecutive days resulting in the fee for the 96 head of cattle being invoiced twice. The invoiced amount was included in a payment to Niverado Javalera in the amount of four hundred two thousand six hundred forty-seven dollars and fifty cents.

After trial to the court, the judge entered a judgment finding that the Appellant had non-suited Vera Sellers, that Appellant should take nothing from Appellee and finding against Niverado Javalera in the amount of $32,935.34. The Appellant appeals from this judgment asserting five issues on review.

## II. DISCUSSION

In five issues on review, Appellant complains of the findings of fact and conclusions of law found and filed by the trial court below. Issue Nos. One and Two complain that the trial court erred in finding that there was no evidence or insufficient evidence that "Appellee was negligent in regard to any duty he owed Appellant which proximately caused any Damage to Appellant." Issue No. Three complains that the trial court erred be-

cause there is "no evidence or insufficient evidence to support Trial Court's finding that Appellant was negligent and such negligence proximately caused Appellant's Damages [sic]." Issue No. Four complains that the trial court erred because there is "no evidence or insufficient evidence to support Trial Court's finding that Vera Sellers was negligent and such negligence proximately caused Appellant's Damages [sic]." In Issue No. Five, Appellant complains that the trial court erred in denying the request for additional findings of fact and conclusions of law.

A "no evidence" or legal insufficiency point is a question of law which challenges the legal sufficiency of the evidence to support a particular fact finding. There are two separate "no evidence" claims. When the party having the burden of proof suffers an unfavorable finding, the point of error challenging the legal sufficiency of the evidence should be that the fact or issue was established as "a matter of law." When the party without the burden of proof suffers an unfavorable finding, the challenge on appeal is one of "no evidence to support the finding." *In re Estate of Livingston,* 999 S.W.2d 874, 879 (Tex.App.-El Paso 1999, no pet.); *see Creative Manufacturing, Inc. v. Unik, Inc.,* 726 S.W.2d 207, 210 (Tex.App.-Fort Worth 1987, writ ref'd n.r.e.).

When attacking the legal sufficiency of the evidence to support an adverse finding on an issue for which he had the burden of proof, i.e., challenging the trial court's finding as a matter of law, the appellant must demonstrate on appeal that the evidence conclusively established all the vital facts in support of the issue. *In re Estate of Livingston,* 999 S.W.2d at 879; *Sterner v. Marathon Oil Company,* 767 S.W.2d 686, 690 (Tex.1989); *Kratz v. Exxon Corp.,* 890 S.W.2d 899, 902 (Tex.App.-El Paso 1994, no writ); *Chandler v. Chandler,*

842 S.W.2d 829, 832 (Tex.App.-El Paso 1992, writ denied). A party attempting to overcome an adverse fact finding as a matter of law must surmount two hurdles. *In re Estate of Livingston,* 999 S.W.2d at 879; *Sterner,* 767 S.W.2d at 690. First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary. *In re Estate of Livingston,* 999 S.W.2d at 879; *Sterner,* 767 S.W.2d at 690; *Kratz,* 890 S.W.2d at 902. Second, if there is no evidence to support the finding, then the entire record must be examined to see if the contrary proposition is established as a matter of law. *In re Estate of Livingston,* 999 S.W.2d at 879; *Sterner,* 767 S.W.2d at 690; *Kratz,* 890 S.W.2d at 902. Only if the contrary position is conclusively established will the point of error be sustained. *In re Estate of Livingston,* 999 S.W.2d at 879–80; *Kratz,* 890 S.W.2d at 902; *Chandler,* 842 S.W.2d at 832.

In reviewing a factual sufficiency point of error, the appeals court must weigh all of the evidence in the record. *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex. 1996). Findings of fact may be overturned only if they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.* In that event, the appeals court must state clearly why the finding is factually insufficient or so against the great weight and preponderance as to be manifestly unjust. *Id.*

An "insufficiency" point invokes a broader standard, requiring this Court to consider all of the evidence and ascertain whether the evidence supporting the finding is so weak, or the evidence to the contrary so overwhelming, that the finding should be set aside and a new trial ordered. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

After a trial to the court, the court entered findings of fact and conclusions of law. The Appellant complains only of the findings related to the negligence of Appellee, Appellant, and Vera Sellers. Finding number VII finds that there was "no evidence that Defendant McNeil [sic] was negligent in regard to any duty he owed Plaintiff which proximately cause[d] any damage to Plaintiff." Finding number VIII finds there was "insufficient evidence that Defendant McNeil [sic] was negligent in regard to any duty he owed Plaintiff which proximately caused any damage to Plaintiff." Finding IX finds defendant Sellers negligent in preparation of the invoice. Finding XII finds "Defendant Sellers's negligence was a proximate cause of Plaintiff's Damages." Finding XIII finds "Plaintiff's negligence was a proximate cause of Plaintiff's Damages."

 The court made several other findings which were germane to the entry of a judgment in this case against Appellant but about which Appellant does not complain. Specifically with regard to actionable conduct, the court found that: (X) Vera Sellers was a borrowed employee by Appellant from Appellee, (XI) Sellers's negligence could not be attributed to Appellee, and (XIV) Sellers's negligence constituted 40 percent and Appellant's negligence constituted 60 percent of the negligence which proximately caused Appellant's damages. None of these findings are challenged on appeal.

Appellant's pleading originally asserted a cause of action against Appellee and Sellers for fraud and conspiracy to overcharge Appellant. During the trial of the case, Appellant dictated an oral trial amendment claiming a cause of action on the basis of negligence. Appellee did not object to the trial amendment and it was granted by the court. After hearing the testimony of several witnesses including Appellant, Appellee, Mrs. Glenna Miller, (Appellant's wife), and Vera Sellers, and receiving copies of the relevant documents, the court entered an Order entering judgment against Appellant and in favor of Appellee. The court acknowledged and accepted the non-suit against Vera Sellers filed by Appellant in his letter brief of January 22, 2003.

The evidence at trial was essentially undisputed. Both sides agreed that the parties had an oral agreement governing the purchase and sale of cattle among them. Approximately twenty-two thousand head of cattle were purchased and sold by the parties in a short time frame. The transactions occurred on a daily basis and involved a very informal method of tracking and documenting the sales. It is clear from the evidence that Vera Sellers agreed to prepare invoices for the transactions between Appellant and Niverado Javalera, the seller of the cattle, as an employee of Appellant. Appellant admitted that he paid half her salary and agreed to allow her to perform the service for him of preparing the invoices for payment. It is also clear that Appellant had an extremely informal arrangement with Mr. Javalera that involved daily contacts and negotiations which involved the payment of funds. The exact terms of the agreement was not described but seemed to be subject to change on a daily basis and ultimately often required Appellant to pay funds on behalf of Mr. Javalera to various entities. Appellant is an experienced cattle rancher, well familiar with the buying and selling of cattle, and was dealing in several hundred thousand dollars worth of cattle in a very "frantic" manner yet had no written agreement with any party to the transactions. Appellant admitted that the payment of over four hundred thousand dollars to Mr. Javalera was an estimation of the amount owed based on various invoices and deduc-

tions to which Appellant and Mr. Javalera agreed. This payment ostensibly includes the payments for the 96 head of cattle which were double billed.

The parties are not certain how the error occurred but it is admitted by Appellant, Appellee, and Vera Sellers that 96 head of cattle were included in two invoices and, therefore, Appellant was doubled billed for the cattle. Appellant paid Mr. Javalera for the cattle directly, neither Appellee nor Vera Sellers received any proceeds from the transaction.

Based upon the totality of the record presented, there is no evidence to establish exactly why or how Vera Sellers double invoiced Appellant for the 96 head of cattle. Because the court made a finding that Vera Sellers was a borrowed servant of Appellant, and such finding is not challenged on appeal, any negligence in her actions was properly attributed to Appellant. A review of the record also establishes that there is no evidence to establish any negligence on the part of Appellee that caused Vera Sellers to invoice Appellant twice. Further, there is ample evidence in the record that Appellant was negligent in his review and processing of the paperwork and in negotiating the payments to Mr. Javalera. Appellant did not implement additional safeguards to insure that the payments made were for cattle delivered nor did he personally review the back-up documentation available each day prior to paying any invoice. The payments involved daily negotiations between Appellant and Mr. Javalera and in no way involved Appellee. Because of his decisions with regard to the informal manner of processing the paperwork for the cattle, the large number of cattle sold and purchased, and the general environment surrounding the transactions, the court had ample evidence to support its findings.

In sum, there is ample evidence in the record to support the court's finding that Appellee was not negligent, there is ample evidence in the record to find that Appellant was negligent, and there is ample evidence in the record to establish that Vera Sellers was negligent and that her negligence should be imputed to Appellant. Accordingly, Issue Nos. One through Four are overruled in their entirety.

In Issue No. Five, Appellant complains of the trial court's denial of the request for additional findings of fact and conclusions of law. Though Appellant makes a vague reference to this point in his argument, he does not brief the issue. Because the issue is not properly briefed or argued, the point is not preserved for appeal. When a party fails to include any citation of authority or discussion of relevant facts to support its sufficiency contention, "we will not perform an independent review of the record and applicable law to determine whether the error complained of occurred." *Happy Harbor Methodist Home, Inc. v. Cowins*, 903 S.W.2d 884, 886 (Tex.App.-Houston [1st Dist.] 1995, no writ). Thus, we consider appellant's challenge regarding the court's failure to file additional facts and conclusions of law to be waived. *See, e.g., Rendleman v. Clarke*, 909 S.W.2d 56, 59 (Tex.App.-Houston [14th Dist.] 1995, writ dism'd as moot). Issue No. Five is overruled.

Having overruled each of Appellant's issues on review, we affirm the judgment of the trial court.

LARSEN, J., not participating.