

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00105-CV

TUYEN LE,

                                                            **Appellant**

 v.

LINDA BEDFORD SHAMBLIN
AND PAUL RICHARD SHAMBLIN,

                                                            **Appellees**

**From the 272nd District Court**
**Brazos County, Texas**
**Trial Court No. 18-003206-CV-272**

## MEMORANDUM OPINION

In one issue, appellant, Tuyen Le, challenges a summary judgment entered in

favor of appellees, Linda Bedford Shamblin and Paul Richard Shamblin.  We affirm.

### Background

This dispute arises out of a motor-vehicle accident.  On April 4, 2017, Linda was

operating a vehicle that struck the front of Le's nail salon, Happy Nails and Spa, in Bryan,

Texas.

Le filed suit against the Shamblins, asserting negligence and negligence per se claims against Linda and a negligent entrustment claim against Paul. The Shamblins answered Le's suit and filed a no-evidence motion for summary judgment as to each of Le's causes of action. Specifically, the Shamblins argued in their no-evidence motion for summary judgment that Le failed to present more than a scintilla of evidence of proximate causation as to her negligence claims and all of the essential elements of her negligent entrustment claim. Le responded to the Shamblins's summary-judgment motion and attached hundreds of pages of exhibits to her response. The Shamblins objected to Le's exhibits and filed a reply to Le's response.

The trial court conducted a hearing on the Shamblins's summary-judgment motion. Thereafter, the trial court signed an order sustaining the Shamblins's objections to each of Le's exhibits and a separate order granting the Shamblins's no-evidence motion for summary judgment. Le filed a motion for new trial, which the trial court denied. This appeal followed.

**The Shamblins's No-Evidence Motion for Summary Judgment**

On appeal, Le contends that the trial court erred by granting the Shamblins's no-evidence motion for summary judgment based on the exclusion of Officer Kristen Johnson's testimony regarding Linda's alleged negligence. Le does not challenge the trial court's grant of summary judgment as to her negligent entrustment claim against Paul.

**STANDARD OF REVIEW**

We review no-evidence summary judgments under the same legal sufficiency standard as directed verdicts. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). Under that standard, we consider evidence in the light most favorable to the non-movant, crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable jury could not. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). The non-movant has the burden to produce summary-judgment evidence raising a genuine issue of material fact as to each challenged element of its cause of action. *See* TEX. R. CIV. P. 166a(i). A no-evidence challenge will be sustained when: (1) there is a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013) (citations omitted). When a non-movant presents more than a scintilla of probative evidence that raises a genuine issue of material fact, a no-evidence summary judgment is improper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

**APPLICABLE LAW**

As stated earlier, Le sued Linda for negligence and negligence per se. The elements of a negligence cause of action are the existence of a legal duty, a breach of that

duty, and damages proximately caused by the breach. *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). The components of proximate cause are cause-in-fact and foreseeability. *See W. Invs. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005); *Mason*, 143 S.W.3d at 798. In their no-evidence motion for summary judgment, the Shamblins alleged that Le presented no evidence of proximate causation. In her response, Le argued that the deposition testimony of Officer Johnson, as well as her crash report, "clearly demonstrates that Appellee failed to control the speed of [her] vehicle which resulted in the injuries and property damage to Appellant." Therefore, to analyze this issue, we must determine whether the trial court erred by excluding Officer Johnson's deposition testimony and crash report.

**DISCUSSION**

A trial court's evidentiary rulings are reviewed under an abuse-of-discretion standard. *See Whirlpool Corp. v. Camacho*, 298 S.W.3d 631, 638 (Tex. 2009). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles such that the ruling was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). A reviewing court cannot conclude that a trial court abused its discretion simply because the reviewing court would have ruled differently. *See E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). We must uphold the trial court's evidentiary ruling if there is any legitimate basis for it. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

At the hearing, the Shamblins objected to the consideration of Officer Johnson's crash report because it had never been produced in discovery and it contains inadmissible hearsay. The Shamblins further argued that a police report shows how an accident happened and is not a determination of liability; thus, it is irrelevant to establish proximate causation. The Shamblins also objected to Officer Johnson's deposition testimony because she was not timely designated, and because her testimony is irrelevant to the issue of causation given that she did not remember investigating the accident, speaking to the witnesses, or seeing the witnesses.

With regard to the crash report, Le emphasizes that the following passage from the crash report was admissible under several exceptions to the hearsay rule and "proves negligence":

> Unit #1 [the driver] was traveling in the parking lot of 2305 Boonville when she began to pull into a parking spot in front of the Happy Nails and Spa. The driver of Unit #1 stated she meant to push the brake pedal but instead pushed the gas pedal. Unit #1 then drove into the front door of the salon and into the salon striking several pieces of furniture and pinning a customer in between the vehicle and a wall while sitting in a chair. Another bystander [Le] was cut on the legs by the glass from the vehicle striking objects in the salon. Both the bystander (Unit 3) and the customer (Unit 2) were transported to St. Joseph by BPD medics with minor injuries.

The Shamblins contend that the crash report contained inadmissible hearsay within hearsay.

Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter

asserted. TEX. R. EVID. 801(d). Hearsay is not admissible except as provided by the rules of evidence or some other statute. *Id.* at R. 802. The proponent of hearsay has the burden of showing that the testimony fits within an exception to the general rule prohibiting the admission of hearsay evidence. *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 908 n.5 (Tex. 2005).

Hearsay within hearsay is not admissible unless each part of the combined statements conforms with an exception to the general rule excluding hearsay. *See* TEX. R. EVID. 805; *Case Corp. v. Hi-Class Bus. Sys. Of Am., Inc.*, 184 S.W.3d 760, 782 (Tex. App.—Dallas 2005, pet. denied). "When a police report contains a hearsay statement, the statement must fall under some hearsay exception of its own because neither the public records or reports exception, nor the records of regularly conducted activities exception, protects hearsay within hearsay." *Benson v. Chalk*, 536 S.W.3d 886, 895 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (citing *Kratz v. Exxon Corp.*, 890 S.W.2d 899, 905 (Tex. App.—El Paso 1994, no pet.)).

Linda's statement contained in the crash report is hearsay because it is an out-of-court statement offered to prove the truth of the matter asserted—that Linda intended to press the brake on her vehicle, but instead pressed the accelerator. *See* TEX. R. EVID. 801. The narrative in the report regarding Linda's statement constitutes hearsay within hearsay because Le attempts to use both the narrative and Linda's alleged statement at

the accident scene to prove that Linda intended to apply the brake, but rather applied the accelerator. *See id.* at R. 805.

Although Le offers several exceptions to the hearsay rule in her appellate brief, the record does not demonstrate that she made these contentions in the trial court at the time of the trial court's ruling.[1] As stated previously, the proponent of hearsay has the burden of showing that the complained-of statement fits within an exception to the general rule prohibiting the admission of hearsay evidence. *See Ramirez*, 159 S.W.3d at 908 n.5; *see also Benson*, 536 S.W.3d at 895. To preserve error for our review, Le's complaint on appeal must comport with her objection in the trial court. *See* TEX. R. APP. P. 33.1(a); *see also Benson*, 536 S.W.3d at 895. Le does not direct us to information in the record where, at the time the trial court ruled on the objections, she asserted that Linda's alleged statement and the narrative contained in the crash report were admissible as an excited utterance, a statement against interest, or under the business-records exception. Thus, her stated grounds for admission in the trial court do not comport with the grounds raised on appeal, and error, if any, is waived. *See Taylor*, 132 S.W.3d 613, 621 & n.21; *see also Benson*,

---

[1] In her motion for new trial and in her brief, Le asserted that the crash report was admissible under the following exceptions to the hearsay rule: excited utterance, statement against interest, and as a business record. The trial court denied Le's motion for new trial, which had the effect of reaffirming the prior evidentiary rulings and the ruling on the Shamblins's no-evidence motion for summary judgment. In this appeal, Le does not challenge the trial court's ruling on her motion for new trial. Therefore, we are left to consider the state of the record at the time the trial court made its evidentiary rulings. And at that time, Le failed to raise the aforementioned exceptions to the hearsay rule with regard to the crash report.

536 S.W.3d at 896. We therefore conclude that the trial court did not abuse its discretion when it excluded the crash report.

Next, we analyze the trial court's exclusion of Officer Johnson's deposition testimony. Generally, police officers, based on their position as police officers alone, are not qualified to render opinions regarding causation in collision cases. *Pyle v. S. Pac. Transp. Co.*, 774 S.W.2d 693, 695 (Tex. App.—Houston [1st Dist.] 1989, writ denied); *see Lopez v. S. Pac. Transp. Co.*, 847 S.W.2d 330, 334 (Tex. App.—El Paso 1993, no writ). Police officers are qualified to testify about collision reconstruction if they are trained in the science and possess the degree of knowledge sufficient to qualify as an expert. *Pilgrim's Pride Corp. v. Smoak*, 134 S.W.3d 880, 891 (Tex. App.—Texarkana 2004, pet. denied).

For an expert's testimony to be admissible, the expert witness must be qualified to testify about "scientific, technical, or other specialized knowledge," and the testimony must be relevant and based upon a reliable foundation. *TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 234-35 (Tex. 2010); *see* TEX. R. EVID. 702. An expert's testimony is relevant when it assists the factfinder in determining an issue or in understanding other evidence. TEX. R. EVID. 702. However, expert testimony based on an unreliable foundation or flawed methodology is unreliable and does not satisfy the relevancy requirement. *Hughes*, 306 S.W.3d at 234-35 (citing *Robinson*, 923 S.W.2d at 556-57).

Expert testimony is not required to establish causation in a traffic-collision case if the question is not complex and not beyond the competence of an average juror. *See*

*Smoak*, 134 S.W.3d at 893-94 (holding an officer's lay opinion about a collision caused by a defendant's unsafe lane change was legally sufficient to support the jury's finding that the defendant was seventy-five percent at fault for the collision); *see also Ten Hagen Excavating, Inc. v. Castro-Lopez*, 503 S.W.3d 463, 465 (Tex. App.—Dallas 2016, pet. denied). "[N]ot every motor vehicle accident requires expert testimony to understand how it took place and who is at fault." *Smoak*, 134 S.W.3d at 892. Lay evidence may establish causation "in those cases in which general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition." *Jelinek v. Casas*, 328 S.W.3d 526, 533 (Tex. 2010). Lay testimony is admissible if it is "(a) rationally based on the witness's perception and (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue." TEX. R. EVID. 701.

In the instant case, Le did not designate Officer Johnson as an expert witness. Further, in her deposition testimony, Officer Johnson indicated that she was not present at the time of the accident and that she did not recall speaking with or seeing any of the witnesses at the accident scene. Instead, Officer Johnson's entire deposition testimony was premised on her reading of the narrative from the crash report referenced earlier.

Even if we were to conclude that Officer Johnson was a qualified expert, the trial court could have reasonably concluded that Officer Johnson's "opinion," which was not based on her own perception of the accident, but based entirely on Linda's statement

about pressing the accelerator instead of the brake, were without a reliable foundation. *See TXI Transp. Co.*, 306 S.W.3d at 234-35; *see also* TEX. R. EVID. 702. Moreover, even if we were to conclude that that this accident was not complex and not beyond the competence of an average juror and, thus, expert testimony was not required to establish causation, lay testimony is admissible only if it is rationally based on the witness's perception. *See* TEX. R. EVID. 701; *Smoak*, 134 S.W.3d at 893-94; *see also Ten Hagen Excavating, Inc.*, 503 S.W.3d at 485. Because Officer Johnson admitted that her opinion as to causation contained in the report was not based on her own perception, but on Linda's statement, we hold that the trial court did not err when it excluded Officer Johnson's deposition testimony about the crash report.

Furthermore, given the above, and because Le relies exclusively on the crash report and Officer Johnson's deposition testimony to establish proximate causation, we cannot say that the trial court erred when it granted the Shamblins's no-evidence motion for summary judgment. We overrule Le's sole issue on appeal.

## Conclusion

We affirm the judgment of the trial court.


STEVE SMITH
Justice

Before Chief Justice Gray,
        Justice Johnson,
        and Justice Smith
(Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed September 29, 2021
[CV06]

*(Chief Justice Gray concurs in the Court's judgment to the extent it affirms the trial court's judgment.  A separate opinion will not issue.  Chief Justice Gray provides this note to explain his vote.  The no-evidence motion for summary judgment was based on the alleged lack of evidence of causation of injury, not duty, not breach, not damages.  All of the evidence to which appellant cites to reverse the judgment was objected to by the appellee on the basis, inter alia, of failure to provide the evidence in discovery for which the time to supplement under an agreed discovery order had passed by the date of the hearing.  The trial court sustained the objection for this reason, as well as others.  With her evidence excluded, appellant could not defeat a no-evidence motion for summary judgment.  Accordingly, the trial court's judgment is properly affirmed.)

