

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00701-CV

Vicki A. **GIL**,
Appellant

v.

John R. **HOLDERMAN**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-20199
Honorable Renée Yanta, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  August 15, 2018

AFFIRMED

Vicki A. Gil, pro se, appeals from a final decree of divorce. We construe her numerous issues on appeal as a complaint that the trial court erred by failing to order the partition-by-sale of a house that she and her former spouse, John R. Holderman, had purported to convey to Holderman's mother prior to the divorce proceeding. We affirm the trial court's judgment.

### BACKGROUND

In December 2013, Gil filed an original petition, alleging the parties had an informal or common-law marriage before August 2007 and there were no children from the marriage. Gil

sought a dissolution of the marriage on the grounds of insupportability and cruelty, a division of community property, temporary orders, and her attorney's fees. Holderman, who was pro se in the trial court and is pro se on appeal, generally denied Gil's allegations.

At a bench trial, the primary issues were whether and when the parties had an informal marriage and ownership of the houses where Gil and Holderman resided. We refer to the house Gil lived in as the Bunker Hill House, and the house Holderman lived in as the Madeleine House.[1] The trial court signed a final decree of divorce, granted the divorce on both grounds alleged, divided the community property, and awarded $1,000 to Gil's lawyer as attorney's fees. In the final decree of divorce, the trial court found the Bunker Hill House was Gil's separate property and the Madeleine House belonged to neither Gil nor Holderman.

The trial court also made findings of fact and conclusions of law. The following is a summary of those findings and conclusions:

> Gil and Holderman began their relationship in 2003. The relationship was tumultuous, and they lived together sporadically. Gil purchased the Bunker Hill House before 2003. Gil and Holderman purchased the Madeleine House in 2010, with a loan from Holderman's mother. The Bunker Hill House, not the Madeleine House, was Gil's homestead, and Gil no longer lived in the Madeleine House after 2013. In separate deeds executed in 2013, Gil and Holderman conveyed their interests in the Madeleine House to Holderman's mother. The parties' informal marriage commenced in February 2012, which is when Holderman gave Gil a wedding ring, Gil started helping Holderman raise his children from a prior marriage, and they started holding themselves out as being married.

Gil filed a motion for new trial on several grounds, including that the trial court erred by finding the wrong date for the commencement of an informal marriage and by not voiding the deeds to the Madeleine House. In the motion for new trial, Gil argued the deeds violated restrictions on the

---

[1] Gil's issues on appeal relate to the Madeleine House.

transfer of homestead property and were not validly executed in favor of Holderman's mother. The trial court denied the motion for new trial, and Gil timely appealed.

## ACCEPTANCE OF BENEFITS

In his appellee's brief, Holderman asserts without explanation that "applying the Acceptance of the Benefits Doctrine renders the appeal moot, and must be dismissed for want of jurisdiction. As a result of the divorce decree, [Gil] received $1000 in attorney's fees and has enjoyed the benefits of the decree thereafter." The acceptance-of-benefits doctrine only "bars an appeal if the appellant voluntarily accepts the judgment's benefits and the opposing party is thereby disadvantaged." *Kramer v. Kastleman*, 508 S.W.3d 211, 217 (Tex. 2017). The burden of proof rests on the party asserting the doctrine, and "[t]he failure to prove all essential elements is fatal." *Id.* Holderman has not provided any evidence or cited to any evidence in the record that Gil accepted the benefits of the final decree of divorce. This failure of proof is fatal to Holderman's assertion of the acceptance-of-benefits doctrine. *See id.* We therefore conclude this appeal is not moot, and proceed to address Gil's issues.

## THE MADELEINE HOUSE

Gil raises numerous issues, all of which challenge directly or indirectly the trial court's determination that neither Gil nor Holderman owned the Madeleine House. In her issues, Gil posits that she is entitled to a judgment ordering a partition-by-sale of the Madeleine House, free and clear of a 2012 deed of trust and two 2013 deeds that Gil and Holderman executed in favor of Holderman's mother. Gil further argues she is entitled to an equal distribution of the proceeds from the sale of the Madeleine House. In support of her position, Gil challenges the 2012 deed of trust and the 2013 deeds by which she and Holderman purported to convey their interests in the Madeleine House to Holderman's mother. We first address Gil's challenge to the 2012 deed of trust and then address her challenges to the 2013 deeds.

**A. 2012 Deed of Trust**

Gil argues the 2012 deed of trust is void or invalid because she went through bankruptcy in 2010, she discharged the debt she owed to Holderman's mother for the loan for the Madeleine House during a bankruptcy 2010 proceeding, and there was no new consideration for the 2012 deed of trust. "The covenants in a deed of trust . . . are contractual." *Gregory v. Bank of Am., N.A.*, No. 04-16-00435-CV, 2017 WL 2561561, at *3 (Tex. App.—San Antonio June 14, 2017, no pet.) (mem. op.). To have a valid enforceable contract, consideration is necessary. *In re Estate of Childs*, No. 04-15-00623-CV, 2016 WL 3452624, at *3 (Tex. App.—San Antonio June 22, 2016, no pet.) (mem. op.). "Consideration is a bargained-for exchange of promises or return performance and consists of benefits and detriments to the contracting parties." *Id.* "The party alleging lack of consideration has the burden to rebut the presumption that a written contract is supported by consideration." *Id.*

Initially, we note that in her pleadings, Gil did not request a declaration from the trial court that the 2012 deed of trust was void or invalid. *See In re Marriage of Day*, 497 S.W.3d 87, 90-91 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (explaining judgments in divorce proceedings must be supported by the pleadings). And although the evidence shows Gil discharged her debt to Holderman's mother in bankruptcy and Holderman's mother released a lien on the Madeleine House, both the bankruptcy and the release of the lien occurred in 2010, which is two years before the 2012 deed of trust was executed. The evidence therefore does not show that the subsequently executed 2012 deed of trust is void or invalid for lack of consideration.

The 2012 deed of trust was admitted into evidence at the hearing. The deed of trust is a written document containing an exchange of promises and rights. The deed of trust also recites it is supported by consideration. Although Gil argues Holderman produced no evidence that there was consideration, the burden was on Gil to rebut the presumption that the deed of trust was

supported by consideration. *See In re Estate of Childs*, 2016 WL 3452624, at \*3. Gil cites to no evidence rebutting the presumption that the deed of trust was supported by valid consideration. We therefore hold Gil has not established her entitlement to a declaration that the 2012 deed of trust is void or invalid.

**B. The 2013 Deeds**

Gil argues the 2013 deeds to the Madeleine House, which she and Holderman executed in favor of Holderman's mother, are void or invalid for several reasons. First, she argues the Madeleine House was her homestead and the 2013 deeds did not comply with requirements to convey an interest in homestead property. Second, Gil argues the Madeleine House was community property because: (1) the house was purchased in 2010 and, contrary to the trial court's findings, the beginning date of the parties' informal marriage was in 2007; and (2) although both she and Holderman executed different deeds in 2013 conveying their own interests in the Madeleine House to Holderman's mother, the deeds were ineffective because neither deed was executed by both her and Holderman.

*1. Whether the Madeleine House is Gil's Homestead*

Gil argues the trial court erred by finding the Madeleine House was not her homestead because she asserted the property was her homestead in a 2010 bankruptcy filing and she and Holderman executed a joint affidavit in 2010 stating the Madeleine House was Gil's homestead. "To establish homestead rights, the claimant must show a combination of both overt acts of homestead usage and the intention on the part of the owner to claim the land as a homestead." *Dominguez v. Castaneda*, 163 S.W.3d 318, 330 (Tex. App.—El Paso 2005, pet. denied). The party claiming property is a homestead has the burden to establish the homestead character of the property. *Id.* To establish a property as a homestead, "there must be proof of concurrence of usage and intent on the part of the owner to claim the land as a homestead." *Salomon v. Lesay*, 369

S.W.3d 540, 554 (Tex. App.—Houston [1st Dist.] 2012, no pet.). "Possession and use of land by one who owns it and who resides upon it makes it the homestead in law and in fact." *Sanchez v. Telles*, 960 S.W.2d 762, 770 (Tex. App.—El Paso 1997, pet. denied). However, mere ownership of or residing in a house over a period of time alone does not convert property into a homestead. *Id.*

In its findings of fact and conclusions of law, the trial court found the Madeleine House "was not the homestead of Ms. Gil; Bunker Hill was Ms. Gil's homestead and remains her homestead at the time of trial." The trial court further found Gil left the Madeleine House "for the last time in 2013," and she conveyed her interest in the Madeleine House to Holderman's mother in 2013. Gil testified she moved out of the Madeleine House in January 2013. She also testified she deeded her interest in the Madeleine House to Holderman's mother in April 2013. Even if the Madeleine House was Gil's homestead in 2010, the evidence supports the trial court's finding that the Madeleine House was not Gil's homestead at the time of trial. *See Salomon*, 369 S.W.3d at 554; *Dominguez*, 163 S.W.3d at 330; *Sanchez*, 960 S.W.2d at 770.

### 2. *Whether the Madeleine House Was Community Property*

Gil argues the trial court erred by finding that the beginning date of the parties' informal marriage was in February 2012, and that before being married, she and Holderman purchased the Madeleine House as a non-married couple on April 29, 2010. In a judicial proceeding, an informal marriage of two individuals may be proven by evidence that the individuals agreed to be married and, after the agreement, they lived together in this state as spouses and represented to others that they were married. TEX. FAM. CODE ANN. § 2.401(a)(2) (West Supp. 2017). "It is well-established that the agreement to marry need not be shown by direct evidence, but may be implied or inferred from evidence that establishes the elements of cohabitation and holding out to the public as husband and wife." *Collora v. Navarro*, 574 S.W.2d 65, 69 (Tex. 1978).

In its findings of fact, the trial court found that in February 2012, Holderman gave Gil a ring they both considered a wedding ring; Gil raised Holderman's children beginning in February 2012; Holderman started referring to Gil as his wife in 2012; Gil and Holderman held themselves out as a married couple to numerous friends "[f]rom 2012 on"; in March 2013, Holderman gave Gil permission to represent to DISH network that she was Vicki Holderman; and Holderman allowed Gil to make such a representation in order to address a billing issue related to his DISH Network account.

Gil does not argue there is no evidence to support these findings. Instead, she argues Holderman judicially admitted that he and Gil were married as of 2007 when he signed, under oath, his Inventory and Appraisement. Holderman filed his Inventory and Appraisement in the trial court to list all community and separate assets and liabilities. "A judicial admission is a formal waiver of proof that dispenses with the production of evidence on an issue." *Restrepo v. All. Riggers & Constructors, Ltd.*, 538 S.W.3d 724, 740 (Tex. App.—El Paso 2017, no pet.). "A judicial admission must be a clear, deliberate, and unequivocal statement, and it occurs when an assertion of fact is conclusively established in live pleadings, making the introduction of other pleadings or evidence unnecessary." *Id.*

The trial court admitted the Inventory and Appraisement into evidence, but when asked whether the document was an admission showing the parties were married, Holderman responded, "Absolutely not." Furthermore, the Inventory and Appraisement does not clearly or unequivocally state Gil and Holderman agreed to be married and after the agreement they lived together in Texas as spouses. The Inventory and Appraisement, which Holderman executed in 2015, also does not provide a date on which the parties agreed to be married or held themselves out as being married. It also does not list the Madeleine House as community property. We hold Holderman's Inventory and Appraisement is not a judicial admission establishing that the parties had an informal marriage

before they jointly purchased the Madeleine House in 2010 or that the Madeleine House was community property. *See id.* Gil and Holderman each had the authority to convey their respective separate property interests in the Madeleine House by separate deeds without the other's signature. *See Rife v. Kerr*, 513 S.W.3d 601, 613 (Tex. App.—San Antonio 2016, pet. denied).[2] Thus, the 2013 deeds effectively conveyed Gil's and Holderman's respective interests in the Madeleine House to Holderman's mother. Consequently, the trial court correctly found that neither Gil nor Holderman owned the Madeleine House.

## CONCLUSION

We conclude Gil is not entitled to a judgment ordering a partition-by-sale of the Madeleine House, free and clear of a 2012 deed of trust or the two 2013 deeds, which Gil and Holderman executed in favor of Holderman's mother. The record supports the trial court's determination in the final decree of divorce that the Madeleine House does not belong to either Gil or Holderman.[3] We therefore affirm the trial court's judgment.[4]

Luz Elena D. Chapa, Justice

---

[2] Alternatively, Holderman's deed, which he executed after Gil executed her deed to Holderman's mother, was evidence that he ratified Gil's prior conveyance. *Cf. Leyva v. Rodriguez*, 195 S.W.2d 704, 710 (Tex. Civ. App.—San Antonio 1946, writ ref'd n.r.e.).

[3] To the extent Gil intended to raise any other issues or challenge any other parts of the judgment, we hold Gil waived the issues because she failed to present a clear and concise argument and cite appropriate authority. *See* TEX. R. APP. P. 38.1(i).

[4] Holderman argues in his appellee's brief that this is a frivolous appeal and that we should dismiss Gil's appeal. Exercising our discretion, we decline to dismiss this appeal. *See Chapman v. Hootman*, 999 S.W.2d 118, 124 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding sanctions for filing a frivolous appeal is within appellate court's discretion).