

# NUMBER 13-20-00289-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN THE ESTATE OF RICKEY RAY ALLEN, DECEASED

---

## On Appellant's Amended Motion to Abate and Remand.

---

# ORDER OF ABATEMENT

**Before Chief Justice Contreras and Justices Longoria and Perkes**
**Order Per Curiam**

This cause concerns a dispute over the estate of Rickey Ray Allen.[1] Appellant Lisa Allen, Rickey's surviving spouse, opposed the third amended application to probate Rickey's alleged will filed by appellee Kenneth Lindsay. Lindsay stated in his live application that the original executed will could not be found and sought to probate an unsigned copy of the alleged will. *See* TEX. EST. CODE ANN. § 256.156. After a trial to the bench, the trial court ruled in favor of Lindsay. Lisa requested findings of fact and

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

conclusions of law, and the trial court issued them on April 8, 2020. *See* TEX. R. CIV. P. 297. Lisa then requested additional findings of fact and conclusions of law, but the trial court rejected her request. *See* TEX. R. CIV. P. 298.

Lisa has filed an amended motion asking us to abate this case and to instruct the trial court to issue additional findings of fact concerning: (1) the cause of the nonproduction of Rickey's alleged will, including the reasonable diligence undertaken to attempt to produce the alleged will; and (2) the trial court's conclusion of law that Rickey never revoked the alleged will. *See* TEX. EST. CODE ANN. § 256.156(b)(1) (providing that probating a will not produced in court requires proof of "the cause of the nonproduction of [the] will . . ., which must be sufficient to satisfy the court that the will cannot by any reasonable diligence be produced"); *Woods v. Kenner*, 501 S.W.3d 185, 197 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ("When an original will cannot be located and was last seen in the testator's possession, a presumption arises that the testator destroyed the will with the intent of revoking it."). Lisa argues these findings are necessary because she is otherwise forced to guess the basis for two of the trial court's conclusions of law crucial to her appeal. We agree.

We note that Lisa requested these additional findings after the trial court issued its findings of fact and conclusions of law. *See* TEX. R. CIV. P. 298 (providing that a party may request specified additional findings and that the trial court "shall file any additional or amended findings and conclusions that are appropriate"); *see also Robles v. Robles*, 965 S.W.2d 605 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) ("The failure to request additional findings of fact and conclusions of law constitutes a waiver on appeal of the trial court's lack of such findings and conclusions."). Further, upon review of the

record, we note that there are multiple possible bases for both of the trial court's conclusions of law. Therefore, we conclude that Lisa is harmed by the omission of the trial court's findings of fact regarding the issues noted above. *See Dominguez v. Castaneda*, 163 S.W.3d 318, 326 (Tex. App.—El Paso 2005, pet. denied) ("In an appeal of a nonjury trial, findings are specifically and meaningfully tied to appropriate standards of appellate review and are therefore truly beneficial to appellate review."); *Anzaldua v. Anzaldua*, 742 S.W.2d 782, 784 (Tex. App.—Corpus Christi–Edinburg 1987, writ denied) ("When a timely and proper request for findings of fact and conclusions of law have been made and the trial court fails to comply with such request, injury to the complaining party is presumed unless the contrary appears."); *see also In re Marriage of Edwards*, 79 S.W.3d 88, 4 (Tex. App.—Texarkana 2002, no pet.) ("[T]he trial court need only enter findings, or additional findings, on ultimate or controlling issues, rather than on mere evidentiary issues."); *Finch v. Finch*, 825 S.W.2d 218, 221 (Tex. App.—Houston [1st Dist.] 1992, no writ) (noting that "[a]n ultimate fact issue is one that is essential to the right of action" and that "[s]uch an issue seeks a fact that would have direct effect upon the judgment"); *Willmore v. Alcover*, No. 13-16-00180-CV, 2018 WL 1417556, at *4 (Tex. App.—Corpus Christi–Edinburg March 22, 2018, no pet.) (mem. op.) (noting that error is harmful if it prevents an appellant from properly presenting the issues for appellate review). This error and harm may be corrected by the trial court if we remand the case with instructions to enter such findings. *See White v. Pope*, 664 S.W.2d 105, 107 (Tex. App.—Corpus Christi–Edinburg 1983, no writ).

Accordingly, we GRANT Lisa's amended motion, ABATE this appeal, and REMAND to the trial court with instructions to enter the findings of fact underlying its

3

conclusions that (1) Rickey never revoked the will; and (2) the alleged will could not be produced by reasonable diligence, including the reason why the will could not be produced. Those matters shall be included in a supplemental clerk's record to be filed with the clerk of this Court. The supplemental record shall be filed with this Court within 30 days from the date of this order. Furthermore, we withdraw our grant of Lisa's second motion for extension of time to file her appellate brief that we granted on September 10, 2020, which was submitted in the alternative to the amended motion to abate, and dismiss the second motion for extension of time as moot.

The appeal will be reinstated upon receipt of the supplemental record and upon further order of this Court.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the 18th
day of September, 2020.