In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00043-CV
NO. 09-21-00044-CV
NO. 09-21-00045-CV

_____

WILLIAM GOLDEN, Appellant

V.

MILSTEAD TOWING AND STORAGE, AGENT,
STEPHEN MEREDITH, AMANDA MASON AND
JOSH ROTHSTEIN, Appellees

On Appeal from the County Court at Law No. 2
Montgomery County, Texas
Trial Cause Nos. 20-31968, 20-31969 and 20-31970

## MEMORANDUM OPINION

Pro se Appellant William Golden filed three suits for wrongful towing of three

vehicles (two automobiles and a small box trailer). [1] He sued Amanda Mason, John

---

[1] Chapter 2308 of the Texas Occupations Code—the Texas Towing and Booting Act—establishes a procedure for challenging the towing or booting of a vehicle. *See* Tex. Occ. Code Ann. §§ 2308.001-505; *see also Manderscheid v. LAZ*

Rothstein, Lake Conroe Village Home Owner's Association, Stephen Meredith, and Milstead Towing and Storage. The suits were filed in Justice of the Peace Court Precinct Two in Montgomery County, Texas. The Justice of the Peace Court ruled against Golden and for the defendants and ordered take-nothing judgments in all three cases. Golden pursued a de novo appeal to the County Court at Law Number Two, in Montgomery County.[2] After a bench trial, the County Court at Law ruled against Golden and for the defendants and ordered take-nothing judgments. Golden appealed to this Court. We affirm.

At the bench trial, Golden complained that he did not think his vehicles should have been towed. He said he received notice from the Sheriff that they were towed and how to retrieve the vehicles. He paid a fee to Milstead and got his vehicles. Golden claimed he never received the letters that the Association and Milstead mailed to warn him the vehicles would be towed. According to Golden, he was storing his vehicles on the vacant lot while he had been doing some work for the new owner of the lot, and he had permission to do so from the new owner of the lot, who was not the owner of record for the lot.

---

*Parking of Tex., LLC*, 506 S.W.3d 521, 523, 527 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (citing Tex. Occ. Code Ann. § 2308.452).

[2] Because an appeal from a justice of the peace court is de novo, we refer to the County Court at Law No. 2 as the trial court. *See* Tex. R. Civ. P. 506.3.

Amanda Mason, manager for the HOA, testified that the HOA deed restrictions provide that no lot in the subdivision may be used for storage, and that the HOA towing policy is included in the filed documents for the subdivision and posted on the HOA website. She also testified that Golden's vehicles were parked on a vacant lot in the subdivision, and the vehicles contained trash and debris. According to Mason, the vehicles "were stickered and given 24 hours to be towed" in accordance with the HOA policy, the Association went beyond that and gave fifteen days, and she sent letters by regular and certified mail on behalf of the HOA giving notice to the owner of record of the lot. She also testified that she requested Milstead Towing to tow the vehicles based on the HOA towing policy and the towing contract the Association had with Milstead Towing. Larry Sarchett, appearing on behalf of Milstead Towing, also testified that Milstead had a contract for towing with the HOA, that his signs about what he called "unauthorized towing" were posted "everywhere[]" in the subdivision, and that Milstead towed the vehicles as requested by the HOA and sent notice to the address of the registered owner of the vehicles.

In its Final Judgment, the trial court found for the defendants and ordered that Golden take nothing. The trial court made Findings of Fact and Conclusions of Law.

Inadequate Brief on Appeal

Appellant was pro se in the lower court proceedings and he is pro se on appeal.[3] Generally, we construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed[]"). That said, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). The brief must articulate the issues we are to decide, and it fails to comply with the rules if we must speculate or guess about the appellant's issues. *Lee v. Abbott*, No. 05-18-01185-CV, 2019 Tex. App. LEXIS 3601, at *3 (Tex. App.—Dallas May 3, 2019, no pet.) (mem. op.). We are not an advocate for any of the parties, we do not search the record to identify possible or unassigned trial court error, and we do not search for facts or legal authorities that may support a party's position. *Id.*; *see also Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (explaining that an appellate court has no duty nor right to perform an independent review of the record and applicable law to determine there was error).

Appellant's pro se brief is disjointed and difficult to follow. His issues and arguments are confusing and are inadequately briefed. *See* Tex. R. App. P. 38.1(i) (requiring an appellate brief to provide "a clear and concise argument for the

---

[3] Appellees were also pro se below and did not file a brief on appeal.

contentions made, with appropriate citations to authorities and to the record[]"); *Serrano v. Union Planters Bank, N.A.*, 162 S.W.3d 576, 578 (Tex. App.—El Paso 2004, pet. denied) (refusing to address seventeen of pro se appellant's eighteen issues because they were "virtually incomprehensible and nonsensical and do not frame any issues for review by this court"); *Massey v. Royall*, No. 14-02-01260-CV, 2004 Tex. App. LEXIS 719, at *1 (Tex. App.—Houston [14th Dist.] Jan. 27, 2004, no pet.) (mem. op.) (holding that pro se appellant's incomprehensible issue could not be addressed).

In the Appellant's brief, he states his "Issues Presented for Review," and therein he says that he was denied a full and fair Tow Hearing, that the Justice of the Peace court abused its discretion making oral findings, and that the Justice of the Peace court erred in failing to make written findings. Each of these alleged complaints and Appellant's discussion about them, if any, describes alleged defects about the proceeding held in the Justice of the Peace Court. The Justice of the Peace Court is not a court of record, so there is no record in a justice court. An appeal from the justice of the peace court to the county court at law is de novo, and the county court at law does not review any alleged errors made by the justice court. *See Triple Crown Moving and Storage, LLC v. Ackerman*, 632 S.W.3d 626, 631 (Tex. App.—El Paso 2020, no pet.); *see also Villalon v. Bank One*, 176 S.W.3d 66, 69-70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ("[P]erfection of an appeal to county

5

court from a justice court for trial de novo vacates and annuls the judgment of the justice court."). Therefore, any alleged errors in the Justice Court were mooted because the entire judgment in the Justice Court was set aside once the case was appealed to the County Court at Law. *See Triple Crown Moving and Storage, LLC*, 632 S.W.3d at 636. We overrule these alleged issues.

Later in his brief, Appellant has another section styled, "Issues Presented[,]" wherein he states: "The County Court's determination that there was no violation of Tex. Occ. Code section 2308.401 and 2308.402 that could have made the Tow improper. The County Court Abused It's discretion in her Findings of Fact and Conclusions of Law." The first statement is incomplete and presents nothing for our review. The second statement and the discussion that follows it fails to contain a clear and concise argument for the contentions made, and it lacks appropriate citations to legal authorities and to the record. *See* Tex. R. App. P. 38.1(i). Appellant fails to specify which findings of fact and conclusions of law he challenges, and he fails to provide applicable legal authority in support of his contentions. Appellant makes other statements in his brief that appear to be critical of the County Court at Law, followed by general statements of what Appellant considers to be "the law" or with some quoted sections of statutes. He then fails to explain how his cited cases or statutes apply to his complaints or stated issues.

In some instances, his statements are even contradicted by other statements in his brief. For example, Appellant says that the trial court erred in failing to make a specific finding on whether there was probable cause for the towing, but he states in his factual summary that "the County Court found that there was probable cause for the tow, and that no other violations occurred that would entitle Appellant to recovery." Appellant also fails to cite any legal authority for his contention that the trial court erred in failing to make a specific finding that there was probable cause for the tow. Appellant also fails to establish how he was harmed by the absence of an express finding on probable cause to tow.

Appellant generally states that the trial court abused its discretion in making its findings of fact and conclusions of law.[4] The appellate record does not reflect that

---

[4] The trial court's conclusions of law were as follows:
1. The case involved complaint[s] of unauthorized towing for lack of probable cause and for towing charge greater than authorized.
2. The complaint must be filed within fourteen days of written notice regarding the towing. There was insufficient evidence to prove that Plaintiff ever received actual written notice of the towing. Plaintiff's complaint was filed in a timely manner and is entitled to [a] hearing.
3. Burden of proof is on the person filing the complaint, therefor[e] Plaintiff.
4. The law states that homeowner's association are considered "parking facilities".
5. Parking facilities may tow vehicles that are considered "Unauthorized Vehicle".
6. Plaintiff failed to present sufficient evidence to show that the vehicle[s] [were] not an unauthorized vehicle in accordance with

Appellant made his complaints to the findings or conclusions in the trial court. "A party has an obligation to point out deficiencies in the filed findings of fact or conclusions of law or any complaints regarding [the] same are waived." *See Dominguez v. Castaneda*, 163 S.W.3d 318, 328 (Tex. App.—El Paso 2005, pet. denied). Because Appellant did not do so, and because there is ample evidence to support the trial court's findings and its judgment, we hold that Appellant's complaints were waived. *See id.*

---

the particular deed restrictions or homeowner's association towing policy.

7. Plaintiff failed to establish that the vehicle[s] [were] parked in a place that would be permissible.

8. Plaintiff failed to present sufficient evidence to show that notice was not given in compliance with Texas Towing and Booting Act.

9. Plaintiff failed to present sufficient evidence that Milstead Towing and Storage was not authorized to tow the vehicle[s] in accordance with Towing Company's Authority to Tow and Store Unauthorized Vehicle under Texas law.

10. Plaintiff failed to present sufficient evidence to show that the Homeowner's Association failed to comply with the code regarding proper procedure for signage or for notice required by Tex. Occ. Code Ann. Sec. 2308.252 Removal and Storage of Unauthorized Vehicle.

11. There was no evidence presented by Plaintiff that the charge for the towing was greater than the amount authorized by law.

12. Plaintiff shall not prevail on claims of unauthorized towing of vehicle.

13. Plaintiff shall not prevail on claims of improper charges for greater than the amount authorized by law.

14. Plaintiff and Defendant[s] shall each take nothing from this judgment.

To comply with Rule 38.1, an appellant must cite existing and relevant legal authority and apply the facts to the cited law to show how the trial court committed error. *See* Tex. R. App. P. 38.1(i); *Barham v. Turner Constr. Co. of Tex.*, 803 S.W.2d 731, 740 (Tex. App.—Dallas 1990, writ denied) (explaining that the appellant bears the burden of discussing his assertions of error). Due to the inadequacy of his brief, and his failure to make his complaints known to the trial court, Appellant has waived his complaints on appeal. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994) ("error may be waived by inadequate briefing[]"); *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.) ("Bare assertions of error, without argument or authority, waive error."); *Serrano*, 162 S.W.3d at 580; *Massey*, 2004 Tex. App. LEXIS 719, at *1. We affirm the trial court's judgment. *See Atkins-January v. State Office of Risk Mgmt.*, No. 09-16-00439-CV, 2017 Tex. App. LEXIS 7330, at *5 (Tex. App.—Beaumont Aug. 3, 2017, no pet.) (mem. op.) (citing *Martinez v. El Paso Cty.*, 218 S.W.3d 841, 845 (Tex. App.—El Paso, 2007, pet. struck)).

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on April 18, 2022
Opinion Delivered May 5, 2022

Before Golemon, C.J., Kreger and Johnson, JJ.